UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LLOYD ANTHONY GIBSON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 2:14-CV-33-JRG-MCLC |
| ROY MATHES and SCOTT WINKLE, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

While he was a prisoner housed in the Hawkins County Detention Center ["HCDC"] in Rogersville, Tennessee, Lloyd Anthony Gibson filed this pro se civil rights action under 42 U.S.C. § 1983 [Doc. 2], claiming that, on February 23, 2013, Defendant Officers Roy Mathes and Scott Winkle entered his cell, accused him of flooding his cell, and instructed him to lie on his face on the floor. Plaintiff maintains that Defendant Mathes restrained him, turned him over, and, without any provocation on Plaintiff's part, sprayed him with pepper spray in the face and mouth.

Plaintiff further maintains that both Defendants kicked him, carried him from the cell, and rammed his head through six to seven steel doors, as they conveyed him to the drunk tank, where they laid him down. Four days later, the Hawkins County Sheriff and two of his officers visited Plaintiff in his cell, discussed the incident, but did nothing to rectify the situation. Tennessee Bureau of Investigation agents conducted an investigation into the incident, and Defendant Mathes ultimately was charged with assault. Defendant Mathes pled guilty to the charge and was terminated from his position at the HCDC. For these alleged violations of the

Eighth Amendment to the United States Constitution and state law, Plaintiff seeks declaratory, injunctive, and monetary relief.

Defendants Mathes and Winkle have submitted an unopposed motion for summary judgment, a statement of undisputed facts, a declaration, and a memorandum of law [Docs. 14-16]. In their motion, Defendants argue that Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit [Doc. 14]. The Court finds, for the reasons which follow, that Defendants' motion for summary judgment has merit. The motion will be **GRANTED**.

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment will be granted with respect to Defendants' motion, as long as what is before the Court by way of pleadings, declarations, cited materials, records, and other pertinent documents demonstrate that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id*. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000).

2

The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex Corp.*, 477 U.S. at 323.

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party affirmatively must present competent evidence sufficient to establish the existence of a genuine issue of material fact which requires a trial to resolve. *Id*.

It is appropriate to grant summary judgment based on an alleged failure to exhaust administrative remedies "only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Risher v. Lapin*, 639 F.3d 236, 240 (6th Cir. 2011)). Moreover, a defendant's "initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id*. at 455–56 (citation and internal quotation marks omitted).

## II.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

In their motion, Defendants maintain that Plaintiff failed to exhaust his administrative remedies before filing his civil rights complaint in this Court, even though exhaustion of administrative remedies is a pre-filing requirement, as set forth in the Prison Litigation Reform Act of 1995 ("PLRA").

### A.     Applicable Law

3

A provision in the PLRA, 42 U.S.C. § 1997e(a), provides that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. If there is an administrative process that will review a prisoner's complaint, a plaintiff must exhaust the process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

This holds true of all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), even though money damages are sought but are not available through the administrative process. *Booth*, 532 U.S. at 740-41. To be "available," an administrative remedy must be "capable of use for the accomplishment of a purpose." *Id*. at 738 (citing Webster"s Third New Int'l Dictionary 150 (1993)).

Although exhaustion of administrative remedies is mandatory, a prisoner need not plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, a failure to exhaust is "an affirmative defense under the PLRA," with the burden of proof falling on Defendants. *Surles*, 678 F.3d at 455 (quoting *Bock*, 549 U.S at 216); *Napier v. Laurel County, Ky*., 636 F.3d 218, 225 (6th Cir. 2011) ("Because the defendants moved for summary judgment on this defense, it was their burden to show that there was an absence of evidence to support the nonmoving party's case.") (citing *Celotex Corp*., 477 U.S. at 325).

According to the Supreme Court, "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' -rules that are defined not by the PLRA, but by the prison grievance process itself." *Bock,* 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). The Supreme Court has emphasized that "[c]ompliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust;" has explained that "[t]he level of detail necessary in a

4

grievance to comply with the grievance procedures will vary from system to system and claim to claim;" and has cautioned that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

  **B.**  **Analysis**

  Defendants have submitted the declaration of Lieutenant Butch Gallion, HCDC Jail Administrator, to satisfy their burden of substantiating that Plaintiff failed to exhaust his available administrative remedies [Doc. 14-1, Gallion Declaration]. Lieut. Gallion states that the HCDC had an institutional grievance system in place in 2013, which allowed an inmate to file a written grievance involving complaints about "a problem or issue" [*Id.*, Gallion Declaration ¶ 3]. An inmate could request a grievance form from any correctional officer, to complete and return to the officer [*Id.*]. The grievance form contained a space where an inmate could offer his requested solution to the problem [*Id.*, Gallion Declaration p.4]. If the inmate's requested solution was acceptable to the correctional officer, the officer would note that fact on the form, sign it, and send it back to the inmate [*Id.*, Gallion Declaration ¶ 4].

  Additionally, the grievance system procedures provided that an inmate, who had filed a grievance and was dissatisfied with the correctional officer's response, could pursue a three-step review. If an inmate disagreed with the correctional officer's decision, the inmate could appeal that decision to the shift supervisor, who would assess the situation, make a determination, and then return the form to the inmate [*Id.*, Gallion Declaration ¶ 5]. If the inmate disagreed with the shift supervisor's decision, two additional levels of appeal remained: The inmate could appeal first to the facility administrator and, if dissatisfied with the facility administrator's decision, he could appeal to the chief deputy [*Id.*, Gallion Declaration ¶¶ 6-7]. Apparently, the chief deputy's decision ended the appeal process since no further appeals were provided.

5

Plaintiff did not file an inmate grievance complaining about the incidents out of which arose the claims now asserted in this lawsuit [*Id.*, Gallion Declaration ¶8].

"An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance on the merits in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (all internal quotation marks and citations omitted).

This Court finds that Defendants Mathes and Winkle have carried their burden of establishing that Plaintiff had available to him a grievance system which would consider his complaints; that he failed to file a grievance involving the incident complained of in this lawsuit; and that he thereby failed to exhaust his administrative remedies against these Defendants as required by § 1997e(a).

Accordingly, Defendants Mathes and Winkle are entitled to summary because they have demonstrated "that there is no genuine dispute as to any material fact" concerning whether Plaintiff properly exhausted his administrative remedies. Fed. R. Civ. P. 56(a).

### III. CONCLUSION

Plaintiff did not exhaust his administrative remedies with respect the claims asserted against Defendants Mathes and Winkle. Accordingly, Defendants' motion for summary judgment will be **GRANTED** [Doc. 14], and Plaintiff's case will be **DISMISSED**. *See Hawthorne v. Gray*, 893 F. Supp. 2d 11, 15 (D.D.C. 2012) ("The PLRA's exhaustion requirement occasionally may be harsh in its application, but its requirements are clear: If administrative remedies are available, the prisoner must exhaust them.") (citations and internal quotation marks omitted).

6

Pursuant to 28 U.S.C. § 1367(c) this Court declines to exercise supplemental over Plaintiff's state law claims for assault and will **DISMISS** them without prejudice. Finally, pursuant to 28 U.S.C. § 1915(a)(3) and for the reasons set forth above, the Court hereby **CERTIFIES** that any appeal from this action would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER**.

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE